FILED
1999 JUL -1 PM 3: 15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SHELBY PARRIS,           )
                         )
     Plaintiff,          )
                         )
v.                       )     CV-98-AR-1056-M
                         )
LONDON FOG INDUSTRIES, INC., )
                         )
     Defendant.          )

ENTERED
JUL - 1 1999

MEMORANDUM OPINION

Presently before the court is the motion for summary judgment filed by defendant, London Fog Industries, Inc. ("London Fog"). Plaintiff, Shelby Parris ("Parris"), who was formerly employed by London Fog, alleges that her employer discriminated against her by failing to promote her on the basis of her age. She brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(1) and 626(c). Although no express claim for constructive discharge is to be found on the face of Shelby's complaint, she seeks to recover the wages she lost as the result of her resignation from London Fog's outlet store in Boaz, Alabama. If the complaint can be construed to allege constructive discharge, Parris explicitly disclaims that charge in her brief opposing London Fog's motion for summary judgment. *Pl's memo. in opposition*, at 1. Therefore this court will only address the failure to promote claim.

Undisputed Pertinent Facts

Parris was hired at London Fog's outlet store in Boaz, Alabama sometime in August, 1995. While employed there, she had a good record, as evidenced by the fact that she was promoted to the position of "co-manager" in May, 1995 and she received a pay raise as recently as June, 1997. As further indication that she was regarded as a responsible and good employee, Parris sometimes was left in charge of the store as acting manager when the actual store manager, Melanie Brand, was out of town or away for other reasons.

Brand resigned her position as store manager in June, 1997. Prior to leaving, she inquired of Parris whether Parris might be interested in applying for the store manager's job. *Pl's depo.*, at 68. In fact, during the entire interim period prior to the hiring of a new manager, Parris worked as acting manager.

Vacant positions at London Fog stores are ordinarily selected by the "area manager." After Brand resigned, however, the area manager responsible for the Boaz store, Kathleen Hankards, became ill and took a medical leave of absence. As a result of that absence, Mark Libell filled in and made the selection. At the time, Libell was the newly-hired Director of Operations from London Fog's New York offices, with supervisory responsibilities for approximately 70 stores in the eastern portion of the country, including Boaz.

Libell visited the Boaz store on July 12, 1997 to interview candidates for the position of store manager. Until he began making arrangements for his visit, Libell had not been informed of Parris' interest in the manager's position, because Hankards had not communicated her interest to him.[1] Parris personally expressed her interest when she and Libell spoke over the telephone just prior to the visit. Libell interviewed four persons in addition to Parris.[2] Of the five, only Parris was already a London Fog employee. Ultimately Libell selected Donna Miller for the management spot. When he phoned Parris on July 16, 1997 to inform her of his decision, Parris immediately resigned. In fact, she refused even to work any remaining shifts for which she had already been scheduled. *Parris depo.*, at 135-136.

Thereafter, Parris filed a charge of age discrimination with the Equal Employment Opportunity Commission. After receiving a notice of right to sue, she filed the present action, seeking lost earnings, "liquidated damages," costs, attorney fees, and unspecified equitable relief.

---

[1] Parris contends that Hankards had not required her to submit an application, because she already worked at the store and had a good record. *Pl.'s Aff.*, at 2.

[2] Esther Wilkes, a sixth candidate, also applied for the job, but was never interviewed.

## Analysis Under *McDonnell-Douglas*

Parris' ADEA claim is appropriately considered under the burden-shifting scheme first set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973)("McDonnell-Douglas"). Under *McDonnell-Douglas*, plaintiff bears an initial burden of making out a *prima facie* case of discrimination. If plaintiff meets that burden, a presumption of discrimination is created which defendant can rebut by articulating a legitimate, nondiscriminatory reason for the employment action(s) forming the subject matter of the complaint. If such nondiscriminatory reasons are proffered, plaintiff's case will fail unless she presents evidence sufficient to lead a reasonable jury to conclude that defendant's articulated reasons are merely pretext for discriminatory motivations.

London Fog correctly directs the court's attention to *Walker v. Mortham*, 158 F.3d 1177 (11th Cir. 1998)("Walker"), in which the Eleventh Circuit outlines the elements necessary to establish a *prima facie* case of discrimination for failure to promote. Under *Walker*, plaintiff establishes a prima facie case by showing:

1. that plaintiff is a member of a protected class;
2. that plaintiff sought and was qualified for the position;
3. that despite such qualifications, plaintiff was rejected (not promoted); and
4. that the employer filled the position with a person outside plaintiff's protected class.

*Id.*, at 1186.

Mechanically applying this outline to the facts of the present case, it is clear that Parris is able to make out a *prima facie* case. At the time Parris applied for the manager's position in Boaz, she was 60 years old, within the protected age category. It is not disputed that Parris was a good and capable employee, undeniably qualified for the position. She was not promoted. Instead, the position was filled by Donna Miller, who was 35 years old at the time, not within the protected age category. In its supplemental memorandum in support of its motion for summary judgment, London Fog concedes that Parris meets her initial burden. *Def's Sup. Br.*, at 2.

Parris' *prima facie* case, however, only suffices to create a rebuttable presumption of discrimination. The burden falls upon London Fog's shoulders to articulate one or more nondiscriminatory reasons for not promoting Parris to the position of store manager. London Fog more than adequately meets this test with the affidavit of Libell. Libell explains his decision to hire Miller on the basis of her superior management experience. Miller had more than 5 years' experience as a store manager in retail clothing stores. In fact, she had displayed a measure of creativity and initiative which had led her to notably successful inventory management, a fact which impressed Libell. By contrast, although Parris had worked as co-manager and as

acting manager for short, intermittent periods at the Boaz store, she did not have comparable management experience, especially in clothing retail. Additionally, Libell contends that he had a somewhat unfavorable impression of Parris, due to the fact that she threatened to resign if he selected one particular candidate, Esther Wilkes, for the open position. *Libell Aff.*, at 2-3. Furthermore, Libell alleges that Parris failed to inform him that Wilkes was present in the store and waiting for an interview when her appointment time arrived. He states, "I do not know why Ms. Parris did not inform me that Esther Wilkes was present, but I did conclude that the dislike she expressed earlier toward Wilkes must have been a factor." *Id.*, at 3. He felt this "demonstrated a lack of professionalism" that could "hamper Ms. Parris' leadership and effectiveness as a store manager." *Id.*, at 2.[3]

---

[3] Parris disputes Libell's account, insisting that she twice informed him that Wilkes was present for the interview. *Pl's Aff.*, at 2. A close reading of her affidavit calls into question whether it was clearly communicated to Libell that Wilkes had arrived. What it actually says is "While Ms. Wilkes was present [and while Libell was on the phone], I handed Mr. Libell a note with Esther Wilkes' name on it." *Id.* When Libell "acknowledged" the note, Parris can only speculate as to what he understood. Perhaps he contemplated that Parris again wanted to lobby against hiring Wilkes. The evidence simply does not permit a conclusive determination. Parris relies upon Wilkes' affidavit to support her version of events. In that affidavit, Wilkes states that "an employee at the counter" went to notify the "gentleman conducting the interview... in the business office." *Wilkes' aff.*, at 1. This statement does not contradict the aforesaid, however. Notably, Wilkes does not identify Parris by name as the "employee" who went to notify the "gentleman." Also notable is the fact that Parris' affidavit does not dispute Libell's contention that she threatened to resign if he hired Wilkes.

Parris is unsatisfied with London Fog's stated reasons for preferring another candidate, but this court may not second-guess legitimate business judgments. Parris may feel that she was more qualified than Miller, that London Fog had an obligation to prefer current employees over outsiders, or that London Fog owed her the courtesy of an explanation for not choosing her. The truth of the matter is that "longevity of service and one's own subjective appraisal of one's accomplishments alone clearly do not establish that an individual is more 'qualified' for a given position than someone else." *Huchsermeyer v. At&T Communications*, 746 F.Supp. 99, 103(N.D. Ga. 1990), *aff'd*, 929 F.2d 706 (11th Cir. 1991). Even if Libell exercised bad or questionable judgment in making his hiring decision – a conclusion this court may not make and does not suggest, London Fog's failure to promote Parris does not support an ADEA claim <u>unless it was made on account of her age</u>.

Because London Fog has articulated legitimate, nondiscriminatory reasons for hiring Miller instead of Parris, Parris's claim can only survive if she presents evidence sufficient to lead a reasonable jury to infer pretext on London Fog's part. The court concludes that Parris fails in this regard. To support her contention that London Fog's purported reasons are merely pretextual, Parris first points to Libell's age. He, like Miller, was only 35 at the time he hired Miller.

The court fails to see how discriminatory intent can be fairly deduced from a manager's youth. Parris next points to her own excellent record, but again, London Fog does not dispute her qualifications, and she cannot reasonably dispute Miller's. Parris' best argument is the fact that London Fog has failed to produce records of her favorable past evaluations and that Libell apparently threw away any notes he may have made regarding her interview, despite the fact that he made and kept notes regarding each of the other interviews he conducted in Boaz. Parris suggests that Libell is hiding something. The court concludes that all that reasonably can be inferred from the "lost" or non-existent notes is that Libell felt he had no need for notes – presumably because he had concluded that Parris was "unprofessional."[4] Under the law, Libell is permitted to dislike Parris or to make snap assessments of her ability, and he may legally refuse to promote her on those grounds. All he may not do, for purposes of this dispute, is refuse to promote her on account of her age. In any case, Parris' attempts to show pretext have no bearing on the fact that Miller arguably had more

---

[4] Libell did retain the applications or resumes for the other candidates. Although the age of Richard A. Cutting is impossible to establish exactly, his resume shows that he graduated from college in 1974, suggesting that he was well over 40 and within the protected category at the time of the interview. Furthermore, although Esther Wilkes, age 61 at the time, was never interviewed, her resume was retained. Parris' affidavit asserts that candidate Tonya Calhoun was "in her mid-40's." Pl's Aff., at 2. Calhoun's application and resume were retained. It does not appear that Libell weeded out the applications of older candidates on the basis of their ages.

experience, and arguably more relevant experience (as store manager in clothing retail) than any other candidate. Parris has failed to provide evidence that this particular nondiscriminatory reason for preferring Miller is pretext. For this reason, Parris' ADEA claim ultimately fails as a matter of law. Accordingly, London Fog's motion for summary judgment will be granted by separate and appropriate order.

DONE this 1st day of July, 1999.

William M Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE